## IN THE UNITED STATES DISTRICT COURT
## FOR  THE SOUTHERN DISTRICT OF FLORIDA

### CASE NO.:

DEBORA HERNANDEZ, as parent
and natural guardian of her minor
daughter, K.Z.F.H,

     Plaintiff,

v.

BRITISH AIRWAYS PLC,

     Defendants.

_____/

### COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Debora Hernandez, ("Hernandez"), as parent and natural guardian of her minor daughter, K.Z.F.H., ("K.Z.F.H."), sues Defendant, British Airways PLC, ("British Airways"), and alleges as follows:

### INTRODUCTION

1.     British Airways allows its employee flight attendants to serve coffee in-flight to passengers that is dangerously heated to a scalding hot temperature despite knowing it is likely to cause serious burns if spilled. During a British Airways flight from London, England, to Miami, Florida, an employee flight attendant negligently

caused a scalding hot cup of coffee to spill onto Hernandez' minor daughter, K.Z.F.H., causing severe 2nd degree burns. To make matters worse, the flight attendants and British Airways failed to provide necessary medical attention and first aid to K.Z.F.H. for the duration of the flight and after landing in Miami.

## PARTIES, JURISDICTION & VENUE

2.      Hernandez and K.Z.F.H. are United States citizens residing in Puerto Rico.

3.      British Airways is a foreign for-profit corporation duly organized and existing under the laws of the United Kingdom.

4.      British Airways operates numerous passenger flights to and from Miami-Dade County, Florida and has done so for many years, both directly and through partner airlines.

5.      British Airways maintains offices, check-in counters, and staff in Miami-Dade County, Florida for the purpose of carrying on its business of flying passengers to and from Miami-Dade County, Florida, and has done so for many years both directly and through its agents and partner airlines.

6.      British Airways contracts and coordinates with Miami-Dade County for the purpose of carrying on its business of flying

RASH MUELLER, P.A.
1655 NORTH COMMERCE PARKWAY, SUITE 303, WESTON, FLORIDA 33326 - TELEPHONE (954) 515-0072 FACSIMILE (954) 515-0073

passengers to and from Miami-Dade County, Florida, and has done so for many years both directly and through its agents and partner airlines, including the leasing of nearly 13,000 square feet of space at Miami International Airport ("MIA") for a minimum of ten years in order to construct and operate a VIP Club Lounge for its passengers traveling to or through MIA.

7.     British Airways markets and sells airline tickets in Miami-Dade County, Florida to Florida citizens for the purpose of carrying on its business of flying passengers to and from Miami-Dade County, Florida, and has done so for many years both directly and through its agents and partner airlines.

8.     In addition to its own substantial and not isolated business activity in Florida, British Airways also operates business in and acts in Florida through an affiliated agent foreign for-profit corporation, British Airways PLC Corporation, that is registered with the Florida Department of State, Division of Corporations, to do and is doing business in the State of Florida for which it has appointed a Registered Agent: CT Corporation System, 1200 South Pine Island Road, Plantation, FL 33324.

3

9.    This Court has personal jurisdiction over British Airways pursuant to Federal Rule of Civil Procedure 4(k)(1)(A) and Florida Statutes, Sections 48.193(1)(a)(1) and (2) because this cause arises from British Airways operating, conducting, engaging in, or carrying on a business or business venture in Florida, or having an office or agency in Florida, and because British Airways is engaged in substantial and not isolated activity in Florida where it also has an affiliated agent for profit corporation that is registered to do and doing business, and where it has appointed a Registered Agent for accepting service.

10.    In the alternative, the Court has personal jurisdiction over British Airways pursuant to Federal Rule of Civil Procedure 4(k)(2) because British Airways is not subject to jurisdiction in any state's courts of general jurisdiction and exercising jurisdiction is consistent with the United States Constitution and laws.

11.    This Court has subject-matter jurisdiction over this action pursuant to Title 28, United States Code, Section 1331 because this action arises under the Convention for the Unification of Certain Rules for International Carriage by Air (commonly known as the "Montreal Convention"), a treaty of the United States, and because

4

the Montreal Convention specifically provides for subject-matter jurisdiction "before the court at the place of the destination" that in this case is Miami-Dade County, Florida.

12.    Venue is proper in this Court pursuant to Title 28, United States Code, Section 1391(b) because British Airways is subject to this Court's personal jurisdiction and, therefore resides in the Southern District of Florida; because a substantial part of the events or omissions giving rise to the claim occurred in the Southern District of Florida; and because the Montreal Convention specifically provides that "[a]ction for damages must be brought, at the option of the plaintiff . . . or before the court at the place of the destination" that in this case is Miami-Dade County, Florida.

## **GENERAL ALLEGATIONS**

13.    On June 30, 2023, K.Z.F.H's grandmother purchased air flight tickets for her and K.Z.F.H. through American Airlines. The purpose of the flight was to provide community service to certain persons residing in Nairobi, Africa.

14.    The flight tickets were for a roundtrip from San Juan, Puerto Rico to Nairobi, Africa. The initial trip departed from San

RASH MUELLER, P.A.
1655 NORTH COMMERCE PARKWAY, SUITE 303, WESTON, FLORIDA 33326 - TELEPHONE (954) 515-0072 FACSIMILE (954) 515-0073

Juan, Puerto Rico on September 19, 2023, and arrived in Nairobi, Africa on September 21, 2023.

15.    The return trip to Puerto Rico, which departed from Nairobi, consisted of two layovers, one in London and another one in Miami, Florida, for a total of three (3) flights. These flights took place on October 18, 2023.

16.    On October 18, 2023, at 10:25 a.m., K.Z.H.F. and her grandmother were passengers of and on flight number 207, operated at all times by British Airways. This flight departed from the London Heathrow Airport ("LHR") and arrived at MIA on that same date at approximately 2:45 p.m.

17.    The aircraft row where K.Z.F.H. and her grandmother were seated consisted of four (4) seats, with one seat positioned directly next to the aisle. K.Z.F.H. was seated in seat 77G, the aisle seat, while her grandmother was seated immediately to her left in the adjacent middle seat.

18.    During the flight, K.Z.H.F requested a cup of coffee to a British Airways employee named Alessandra Coy ("Coy"), who was a flight attendant working on flight number 207.

6

19.   British Airways' employee Coy brought the airline catering trolley with the coffee dispenser that contained the extremely hot coffee towards the row where K.Z.F.H. was sitting.

20.   British Airways' employee Coy placed an empty coffee cup in the center of K.Z.F.H.'s tray table, which was positioned directly over her lap. Coy then proceeded to pour the scalding hot coffee into the cup while it was still in the center of the tray table.

21.   British Airways' employee Coy asked K.Z.F.H. if she would like sugar packets and a stir stick, to which K.Z.F.H. responded affirmatively.

22.   Without warning, and while placing the stir stick into the cup, British Airways' employee Coy tipped the cup over spilling the contents of the cup—scalding hot coffee—directly onto the lap area, leg, and knee of K.Z.F.H.

23.   K.Z.F.H immediately began to scream and cry in pain as the scalding liquid soaked through her pants and burned the skin on her upper leg and abdomen.

24.   The burns caused extreme pain, but the reaction of the crew was alarmingly inadequate. British Airways' employee flight attendant Coy left the scene and returned only briefly to clean the

7

surrounding area.

25.   No immediate medical assistance or proper first aid was offered to K.Z.F.H. by the flight's British Airways personnel, including employee flight attendant Coy.

26.   At the time of the incident, only about two (2) hours had passed in what was a transatlantic flight scheduled to last approximately nine or ten (9 or 10) hours. K.Z.F.H and her grandmother were left to manage the significant injury on their own for the remainder of the flight without any meaningful assistance from British Airways or its crew.

27.   K.Z.F.H felt completely abandoned and disregarded by British Airways and its employees.

28.   K.Z.F.H's grandmother escorted her to the bathroom to assess and clean the wounds as best as she could.

29.   K.Z.F.H.'s grandmother tried to calm K.Z.F.H. down as she was panicking, and her skin was burning and blistering.

30.   Dr. Marcos Parrilla, a licensed physician from Puerto Rico and a fellow missionary, was also aboard the same flight from London to Miami, Florida. He was called by K.Z.F.H.'s grandmother and he was able to examine K.Z.F.H during the flight. Dr. Parrilla confirmed

8

the burns were large and serious, likely 2nd degree.

31.    Despite K.Z.F.H. wearing a thick jogger, the temperature of the coffee was so scalding hot that it penetrated the fabric and still caused significant injury and burns.

32.    K.Z.F.H. suffered large second degree burns on her thigh and knee.



9



33.   Upon observing the second degree burns to K.Z.F.H and the lack of assistance from British Airways' flight attendants, Dr. Parrilla requested a first aid kit from the crew and was provided with a small box containing a lotion not suited for second degree burns. However, this was the only option available that British Airways crew had on board and provided to K.Z.F.H.

34.   The lotion, not suited for second-degree burns, was applied in an effort to alleviate the injury.

35.   Consequently, K.Z.F.H.'s grandmother photographed the second degree burns and showed them to British Airways' employee

10

flight attendant Coy. When Coy saw the photograph, she gasped in shock but still did not take any meaningful action to assist K.Z.F.H.

36.   The only additional response from British Airways flight crew during the remaining hours of the flight was an apology and the offering of chocolate—an action that failed entirely to address the seriousness of the injury or the need for medical care.

37.   K.Z.F.H. remained in severe pain for the duration of the flight, crying and visibly distressed, without any proper treatment or care.

38.   After the incident K.Z.F.H.'s grandmother asked British Airways' employee flight attendant Coy about the procedure for filing an incident report. Coy stated she would prepare one and provided instructions for accessing it online.

39.   The report, however, was never prepared by flight attendant Coy or any other British Airways employee that Plaintiff and K.Z.F.H. are aware of, nor was one ever provided to K.Z.F.H. or K.Z.F.H.'s grandmother despite assurances that it would be.

40.   Upon landing at MIA at approximately 2:45 p.m., no medical personnel, such as paramedics, nurses, or doctors, were present to meet and assist K.Z.F.H.

RASH MUELLER, P.A.

1655 NORTH COMMERCE PARKWAY, SUITE 303, WESTON, FLORIDA 33326 - TELEPHONE (954) 515-0072 FACSIMILE (954) 515-0073

41.   Despite the severity of her injuries and the advance knowledge of the incident by the flight crew, British Airways failed to arrange for any form of medical support upon arrival at MIA.

42.   K.Z.F.H.'s grandmother approached the British Airways service counter at MIA to report the incident and request medical help. She was told that the matter could only be addressed by filing a claim online and no immediate help was offered or provided by any British Airways personnel.

43.   In other words, their solution to assisting K.Z.F.H., a minor that suffered second degree burns, and caused by British Airways' and its employee flight attendant Coy, could only be solved by filing a claim online.

44.   British Airways and its flight attendants,  including Coy, failed to take any meaningful steps to address the harm it caused, neither during the flight nor upon landing at MIA, thereby exacerbating the physical and emotional pain and distress suffered by K.Z.F.H.

RASH MUELLER, P.A.

1655 NORTH COMMERCE PARKWAY, SUITE 303, WESTON, FLORIDA 33326 - TELEPHONE (954) 515-0072 FACSIMILE (954) 515-0073

## COUNT I
### (Claim Against British Airways for Strict Liability Under the Montreal Convention)

45.   Hernandez re-alleges and incorporates by reference herein all the allegations contained in paragraphs 1-44 above, and further alleges:

46.   British Airways is liable to K.Z.F.H. under the provisions of Article 17 of the Montreal Convention. This article states that:

>*"The carrier shall be liable upon condition only that the accident which caused the death or injury took place on board the aircraft or in the course of any of the operations of embarking or disembarking".*

47.   In this case, the incident that caused injury to K.Z.F.H. occurred on board the aircraft, during active flight operations on British Airways flight number 207, thereby meeting the jurisdictional requirements of Article 17.

48.   Pursuant to Article 21 of the Montreal Convention, British Airways is strictly liable up to 151,880 Special Drawing Rights, ("SDR"), believed to be the allocated reserve asset as of December 28, 2024, and that is also believed to convert to approximately $208,033.07 USD as of August 25, 2025.

RASH MUELLER, P.A.

1655 NORTH COMMERCE PARKWAY, SUITE 303, WESTON, FLORIDA 33326 - TELEPHONE (954) 515-0072 FACSIMILE (954) 515-0073

49.   The damages Hernandez alleges below that K.Z.F.H. sustained exceed 151,880 SDR and were a direct and proximate cause of an accident that resulted in injury to K.Z.F.H. during the course of her international air transportation onboard British Airways flight number 207.

50.   British Airways is therefore strictly liable to K.Z.F.H. in an amount up to 151,880 SDR.

WHEREFORE, Hernandez demands judgment against British Airways for damages alleged below in a sum equal to 151,880 SDR, exclusive of interest, costs, and attorney's fees, plus any other relief which the Court deems just and proper.

### **COUNT II**
### **(Claim Against British Airways for Direct Negligence in Excess of the SDR Amount Under the Montreal Convention)**

51.   Hernandez re-alleges and incorporates by reference herein all the allegations contained in paragraphs 1-44 above, and further alleges:

52.   Under the Montreal Convention, British Airways is also liable and accountable for all amounts of damages as described below in excess of the SDR (and converted amounts) due to its negligence

RASH MUELLER, P.A.

1655 NORTH COMMERCE PARKWAY, SUITE 303, WESTON, FLORIDA 33326 - TELEPHONE (954) 515-0072 FACSIMILE (954) 515-0073

and the negligence of their employee flight attendant Coy for whom it is vicariously liable.

53.   British Airways owed a non-delegable duty of care to ensure the safety and well-being of all passengers, including K.Z.F.H., during the entire duration of flight number 207. This duty extends to the serving of heated beverages to passengers in-flight at a safe temperature so that if spilled on them the heated beverage will not cause severe burns.

54.   British Airways acted negligently by failing to have a specific policy and procedure in place requiring beverages, including coffee, which are served by its employee flight attendants to passengers in-flight to be heated to a safe temperature that will not cause severe burns if spilled on passengers.

55.   Alternatively, if British Airways did have such a policy and procedure in place, it failed to adequately supervise, monitor and enforce such a policy and procedure so that its employee flight attendants were allowed to dangerously serve scalding hot beverages, including coffee, in-flight to passengers, including to K.Z.F.H. on flight number 207, that it posed an unreasonable, preventable and

RASH MUELLER, P.A.

1655 NORTH COMMERCE PARKWAY, SUITE 303, WESTON, FLORIDA 33326 - TELEPHONE (954) 515-0072 FACSIMILE (954) 515-0073

unnecessary risk of causing a severe burn if spilled on a passenger, including K.Z.F.H.

56.   As a result, British Airways allowed employee flight attendant Coy to serve a scalding hot cup of coffee to K.Z.H.F. and then directly caused the cup of scalding hot coffee to spill onto K.Z.F.H. severely burning her leg, knee and abdomen area.

57.   British Airways also acted negligently in failing to adequately train and supervise its employee flight attendants, including Coy, to provide adequate medical attention and first aid to passengers that are injured in-flight, including K.Z.F.H., on how to report the incident up the chain of command, and given the severity of the injury to K.Z.H.F., how to arrange for proper and adequate medical attention to meet her upon arriving at MIA, the final destination of flight number 207.

58.   As a result, British Airways' employee flight attendant Coy focused on cleaning the surrounding area (tray table, seat, and floor) where she spilled the scalding hot coffee onto K.Z.H.F. rather than addressing the immediate medical needs and emotional distress of K.Z.F.H.

RASH MUELLER, P.A.

1655 NORTH COMMERCE PARKWAY, SUITE 303, WESTON, FLORIDA 33326 - TELEPHONE (954) 515-0072 FACSIMILE (954) 515-0073

59.   As a result, British Airways' employee flight attendant Coy failed to provide or initiate any form of medical assistance or first aid in response to the burn injury sustained by K.Z.H.F.

60.   As a result, British Airways' employee flight attendant Coy failed to notify other flight crew members or failed to request in-flight medical support for K.Z.H.F. following the incident.

61.   As a result, British Airways' employee flight attendant Coy failed to escalate the situation up the chain of command to the pilot or senior crew members, thereby delaying any potential in-flight medical response or coordination of care for K.Z.H.F.

62.   As a result, British Airways' employee flight attendant Coy failed to properly document the incident or prepare a formal incident report in accordance with airline protocol.

63.   As a result, British Airways' employee flight attendant Coy failed to communicate with ground personnel to arrange for medical assistance for K.Z.H.F. upon arrival at MIA, despite knowing the flight was transatlantic and K.Z.H.F. was a minor in distress for hours with a severe burn from the scalding hot coffee spilled on her.

17

64.   As a direct and proximate result of its direct negligence described in this Count, British Airways is liable for all the damages described below that were and continue to be suffered by K.Z.H.F.

WHEREFORE, Hernandez demands judgment against British Airways for damages alleged below in a sum to compensate her completely and fully in excess of the SDR amount, exclusive of interest, costs, and attorney's fees, plus any other relief which the Court deems just and proper.

## COUNT III
### (Claim Against British Airways for Vicarious Liability in Excess of the SDR Amount Under the Montreal Convention)

65.   Hernandez re-alleges and incorporates by reference herein all the allegations contained in paragraphs 1-44 above, and further alleges:

66.   Under the Montreal Convention, British Airways is also liable and accountable for all amounts of damages as described below in excess of the SDR (and converted amounts) due to the negligence of their employee flight attendant Coy for whom it is vicariously liable.

67.   At all times material, British Airways employed Coy as a flight attendant on flight number 207.

18

68.   At all times material, flight attendant Coy was acting within the course and scope of her employment by British Airways, and for whom British Airways is vicariously liable under the doctrine of *respondeat superior*.

69.   One of British Airways' employee flight attendant Coy's duties on flight number 207 from London, England to Miami, Florida, was to safely serve passengers heated beverages in-flight, the coffee she served to K.Z.H.F.

70.   British Airways' employee flight attendant Coy acted negligently by placing an empty coffee cup in the center of K.Z.H.F.'s tray table rather than securing it in the designated cup holder area, thereby increasing the risk of spillage and injury.

71.   British Airways' employee flight attendant Coy acted negligently by pouring scalding hot coffee into the cup without warning.

72.   British Airways' employee flight attendant Coy acted negligently by inserting a stir stick into the freshly poured scalding hot cup of coffee in a careless manner, which directly caused the cup to tip over and spill onto K.Z.H.F.

RASH MUELLER, P.A.

1655 NORTH COMMERCE PARKWAY, SUITE 303, WESTON, FLORIDA 33326 - TELEPHONE (954) 515-0072 FACSIMILE (954) 515-0073

73.     British Airways' employee flight attendant Coy acted negligently by focusing on cleaning the surrounding area (tray table, seat, and floor) rather than addressing the immediate medical needs and emotional distress of K.Z.F.H.

74.     British Airways' employee flight attendant Coy acted negligently by failing to provide or initiate any form of medical assistance or first aid in response to the burn injury sustained by the minor Plaintiff.

75.     British Airways' employee flight attendant Coy acted negligently by not notifying other flight crew members or requesting in-flight medical support for K.Z.F.H. following the incident.

76.     British Airways' employee flight attendant Coy acted negligently by failing to escalate the situation to the pilot or senior crew members, thereby delaying any potential in-flight medical response or coordination of care for K.Z.F.H.

77.     British Airways' employee flight attendant Coy acted negligently by failing to properly document the incident or prepare a formal incident report in accordance with airline protocol.

78.     British Airways' employee flight attendant Coy acted negligently by not communicating with ground personnel to arrange

20

for medical assistance for K.Z.F.H. upon arrival at MIA, despite knowing the flight was transatlantic and K.Z.F.H. was a minor in distress for hours.

79. As a direct and proximate result of employee flight attendant Coy's actions and negligence committed within the course and scope of her employment with British Airways, British Airways is vicariously liable for all the damages suffered by K.Z.H.F. under the doctrine of *respondeat superior*.

WHEREFORE, Hernandez demands judgment against British Airways for damages alleged below in a sum to compensate her completely and fully in excess of the SDR amount, exclusive of interest, costs, and attorney's fees, plus any other relief which the Court deems just and proper.

## **DAMAGES**

80. As a direct and proximate result of the incident caused by British Airways and its employee for whom it is vicariously liable, K.Z.F.H. sustained 2nd degree burns, resulting in past and future severe physical pain, emotional trauma and mental anguish, inconvenience, loss of the capacity to enjoy life, scarring and

RASH MUELLER, P.A.

1655 NORTH COMMERCE PARKWAY, SUITE 303, WESTON, FLORIDA 33326 - TELEPHONE (954) 515-0072 FACSIMILE (954) 515-0073

disfigurement, past medical  expenses and that will be sustained for future medical expenses.

81.   The burns caused visible, disfigurement and scarring that has compromised her physical comfort and deeply affected her self-image.

82.   In the weeks following the incident, K.Z.F.H. was unable to walk without assistance and required help with essential tasks, including using the bathroom and dressing. Even short outings became challenging; during a visit to Walmart, she was forced to use a motorized scooter due to the severity of her injuries.

83.   The injuries also deprived K.Z.F.H. of meaningful family experiences. Planned vacations, including a long-anticipated trip to Disney World, had to be canceled.

84.   During an attempted stay at a resort, K.Z.F.H. was unable to leave the room due to heat-related pain and limited mobility, rendering the trip effectively impractical.

85.   The visible nature of the injuries has left K.Z.F.H. feeling vulnerable and ashamed, causing significant emotional damages.

RASH MUELLER, P.A.

1655 NORTH COMMERCE PARKWAY, SUITE 303, WESTON, FLORIDA 33326 - TELEPHONE (954) 515-0072 FACSIMILE (954) 515-0073

86.   K.Z.F.H. now avoids public spaces out of fear of others seeing or commenting on her scars, leading to social withdrawal and emotional isolation.

87.   Once an active and confident child, K.Z.F.H. has experienced a noticeable decline in emotional well-being.

88.   K.Z.F.H. frequently cries, avoids social interaction, and no longer engages in activities she once loved, such as modeling, going to the beach, or wearing her favorite clothing like shorts and swimsuits.

89.   As a result of her injuries, K.Z.F.H. sought treatment from her dermatologist, Dr. Marely Santiago Vázquez, who advised that while laser therapy may offer some improvement in the appearance of the scarring, the procedure is both painful and costly and will not guarantee restoring the skin's original condition.

90.   The incident has also imposed a significant financial burden on the family.

91.   K.Z.F.H.'s family has incurred unexpected costs for medical supplies, prescribed creams, burn care products, specialized clothing, and consultations with mental health and dermatological

RASH MUELLER, P.A.

1655 NORTH COMMERCE PARKWAY, SUITE 303, WESTON, FLORIDA 33326 - TELEPHONE (954) 515-0072 FACSIMILE (954) 515-0073

professionals. Additional costs for counseling and potential future treatments, including laser therapy—are anticipated.

92.   The psychological effects of the trauma remain profound.

93.   K.Z.F.H. continues to suffer from anxiety, emotional withdrawal, and a sense of isolation. Her frequent crying and diminished ability to connect with others underscore the severity of the lasting emotional harm she has endured.

94.   The incident and injuries sustained by K.Z.F.H. has had devastating physical, emotional, and financial consequences for her and her family.

95.   Because of that, the damages suffered by minor Plaintiff K.Z.F.H. are valued far in excess of the SDR amount (and projected conversion amount).

96.   The Montreal Convention provides that the Court is allowed to compensate K.Z.F.H. in excess of the SDR limits set forth in Article 21, in accordance with its own law, the whole or part of the Court costs and of the other expenses for the litigation incurred by the Plaintiff, including interest.

WHEREFORE, Hernandez demands judgment against British Airways for these alleged damages in a sum to compensate her

RASH MUELLER, P.A.

1655 NORTH COMMERCE PARKWAY, SUITE 303, WESTON, FLORIDA 33326 - TELEPHONE (954) 515-0072 FACSIMILE (954) 515-0073

completely and fully in excess of the SDR amount, exclusive of interest, costs, and attorney's fees, plus any other relief which the Court deems just and proper.

## DEMAND FOR JURY TRIAL

97.   Plaintiff hereby demands a trial by jury on all issues so triable as a matter of right.

Dated this 3rd day of September, 2025.

> Respectfully submitted,
>
> RASH MUELLER, P.A.
> Attorneys for the Plaintiff
> 1655 North Commerce Parkway
> Suite 303
> Weston, Florida 33326
> Telephone: (954) 515-0072
> Facsimile:  (954) 515-0073
> Emails:    david@rashmueller.com
>                 jeff@rashmueller.com
>                 maileidys@rashmueller.com
>
> By:  _/s/David C. Rash_
>          DAVID C. RASH
>          Florida Bar #977764
>          JEFFREY D. MUELLER
>          Florida Bar #103563

25